STATE OF INDIANA ) IN THE MARION SUPERIOR COURT
) SS:
COUNTY OF MARION ) CAUSE NO. **49D04 13 04 PL 012564**

HARVEY HUGGINS, )
)
)
Plaintiff, )
) **FILED**
v. )
) APR 0 5 2013
THORNTONS TRANSPORTATION, a Division of )
THORNTONS, INC., ) *Elizabeth F. White*
) CLERK OF THE MARION CIRCUIT COURT
Defendant. )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Harvey Huggins ("Mr. Huggins" or "Huggins"), by counsel, and for

his claim for damages against the Defendant, Thorntons Inc. ("Thorntons") alleges and says as

follows:

1.      Plaintiff completed nineteen years of continuous service as a truck driver for

Defendant on October 12, 2012.

2.      During his tenure at Thorntons, Plaintiff was compensated for pick up and delivery

of fuel to Thorntons convenience stores and was paid for such services by the load. Huggins was

the first Thorntons driver assigned by Defendant to Indianapolis.

3.      Thorntons also directed Mr. Huggins to dispatch the Thorntons drivers located in

Indianapolis and to manage the Indianapolis Thorntons transportation business, which services

were performed by Mr. Huggins.

4.      At all times herein mentioned Huggins utilized his home as the Thorntons'

Indianapolis office Dispatch and Manager's office.

5.      At the direction of Thorntons, Huggins was:

a. On call 24 hours a day seven days a week;

b. Managed seven to nine Indianapolis drivers, i.e., scheduling the pick up and delivery of fuel for each of those drivers;

c. Collected and reviewed drivers' logs and forwarded the logs to the Louisville home office weekly;

d. During the cold weather months provide additives to diesel fuel tanks used by Thorntons drivers;

e. In constant communication with Thorntons retail convenience stores regarding fuel levels;

f. Expected to respond to all emergency calls for fuel placed by the thirteen 24-hour Thorntons stores in the Indianapolis area;

g. To communicate with the Thorntons Louisville Central Dispatch Office as to all adverse road conditions and issues related to the retail stores;

h. Was required to complete twice a month payroll for all Indianapolis drivers and fax the payroll to the Louisville home office;

i. Was responsible for scheduling tractor trailer maintenance;

j. Was directed each year to complete four driver safety rides for each Indianapolis truck driver and to make reports for each safety ride to Thornton's home office;

k. Plaintiff was required to respond to all vehicle emergencies, roll-overs and the like;

m. Recruited , interviewed, confirmed DOT compliance and hired and disciplined all Indianapolis truck drivers;

2

n.   Was required to store flammable diesel additive at his residence shipped by Throntons to Plaintiff's residence.

6.   In addition to his truck driving services, Plaintiff worked an average of seven hours a day, six days a week as the Dispatcher/Manager without compensation, which has resulted in unjust enrichment to Thorntons. Thorntons has never compensated Huggins for its use of his home office, nor for the storage of the flammable diesel additives.

7.   Other dispatchers employed by Thorntons were compensated at a rate of $17.00 per hour. Thornton's has failed to pay Huggins for such services.

8.   At Thornton's direction, Huggins performed the dispatch/management services set forth above between the date Thorntons hired Plaintiff as a truck driver through January of 2012.

9.   Thorntons has been unjustly enriched, by reason of Huggins' uncompensated services as a Dispatcher/Manager of the Indianapolis Thornton drivers.

10.   Huggins spent an average of forty-two hours each week dispatching and managing Thorntons Indianapolis truck drivers.

11.   The actions of Defendant, Thorntons, were grossly negligent, intentional and in reckless disregard of the rights of Plaintiff, Harvey Huggins; and Plaintiff is entitled to punitive damages to prevent such conduct in the future.

WHEREFORE, Plaintiff, Harvey Huggins, prays for damages in an amount to reasonably compensate him for his unpaid services that unjustly enriched Defendant Thorntons Transportation, for all other damages which are the result of Defendant's acts and omissions, punitive damages in an amount sufficient to prevent such conduct in the future, Plaintiff's costs, expenses and reasonable attorney fees associated with this action, for trial by jury, and for all other proper relief in the premises.

Respectfully submitted,

**FOLEY & ABBOTT**

By: _Donald F. Foley_

Donald F. Foley, 6820-49

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\pleadings\complaint.doc

4

Cut on dotted line



US POSTAGE PAID
Pitney Bowes
ComBasPrice
024P0007631494

04/08/2013
From 46204
0 lbs 4 ozs

## USPS FIRST-CLASS™ PKG

0000

Marion County Clerk's Office
200 E Washington Street W-122
INDIANAPOLIS IN 46204

CORP SERVICE CO
251 E Ohio St
Ste 500
Indianapolis IN 46204-2184

USPS SIGNATURE TRACKING #

9402 1096 9993 9771 0848 25

Powered By Pitney Bowes

## SUMMONS

STATE OF INDIANA      )
                            ) SS:
COUNTY OF MARION    )       CAUSE NO. _____

**49D04 13 04 PL 012564**

HARVEY HUGGINS,                        )
                  Plaintiff,            )
         v.                            )
                                      )
THORNTON'S TRANSPORTATION, a Division of )
THORNTON'S, INC.,                 )
                  Defendant.         )

TO DEFENDANT:       **Corporation Service Company**
                             **251 E. Ohio St. Ste. 500**
                             **Indianapolis , IN  46204**

         You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

         The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

         An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail) or a judgment by default may be rendered against you for the relief demanded by the Plaintiff.

         If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

         If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated_____          _____ (Seal)
                             Clerk, Marion County Superior Court *Elizabeth r White*
                                              CLERK OF THE MARION CIRCUIT COURT

**(The following manner of service of summons is hereby designated.)**    APR 0 5 2013

     __X__   Registered or certified mail.
     _____ Service at place of employment, to-wit:_____
     _____ Service on individual – (Personal or copy) at above address.
     _____ Service on agent.  (Specify) _____
     _____ Other Service.  (Specify) _____

Donald F. Foley_____         FOLEY & ABBOTT
Attorneys for Plaintiff                 300 Marott Center
                                  342 Massachusetts Avenue
                                  Indianapolis, IN 46204
                                  (317)261-0900

## *SHERIFFS RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the ____ day of _____ 2013.

(1)    By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2)    By leaving a copy of the Summons and a copy of the complaint at

       _____ which is the dwelling place or usual place of abode of _____

       and by mailing a copy of said Summons to said defendant at the above address.

(3)    Other Service or Remarks: _____

       _____

_____

Sheriff's Costs                Sheriff

                                 By:_____
                                       Deputy

## *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the____day of _____ 2013, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____ by _____ mail, requesting a return receipt, at the address furnished by the Plaintiff.

                              _____

                              Clerk, Marion County Superior Court

Dated: _____        By: _____
                                       Deputy

## *RETURN ON SERVICE OF SUMMONS BY MAIL*

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2013.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____ 2013.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____ 2013.

                              _____

                              Clerk, Marion County Superior Court

                              By: _____
                                       Deputy

STATE OF INDIANA          )                    IN THE MARION SUPERIOR COURT
                          ) SS:
COUNTY OF MARION          )                    CAUSE NO.  49D04 13 04 PL 0 12564


HARVEY HUGGINS,                          )
                                         )
                                         )
                    Plaintiff,           )        **FILED**
        v.                               )
                                         )        APR 0 5 2013
THORNTON'S TRANSPORTATION, a Division of )
THORNTON'S, INC.,                        )        *Elizabeth F. White*
                                         )        CLERK OF THE MARION CIRCUIT COURT
                    Defendant.           )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** Initiating  X   Responding  ____    Intervening _____

1.   The undersigned attorney and all attorneys listed on this form now appear in this case for
     the following party member(s):  Harvey Huggins

2.   Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case
     information as required by Trial Rules 3.1 and 77(B) is as follows:

                     Donald F. Foley, #6870-49
                     Marie Castetter, #24575-49
                     **FOLEY & ABBOTT**
                     300 Marott Center
                     342 Massachusetts Avenue
                     Indianapolis, Indiana 46204
                     Telephone: (317) 261-0900
                     Fax: (317) 261-0200

3.   There are other party members: Yes ___    No  X ·   If Yes, other party members not
     represented by this attorney include:

4.   *If first initiating party filing this case,* the Clerk is requested to assign this case the
     following Case Type under Administrative Rule 8(b)(3):  PL

5.   I will accept service by FAX at the above noted number:  **No**

6.   This case involves support issues. Yes ___    No  X    If Yes, social security numbers for
     all family members are:

7.    There are related cases: Yes ___ No  X    If Yes, caption and case number of related cases are:

8.    This form has been served on all other parties.   Yes

9.    Additional information required by local rule:

_____

Donald F. Foley, Attorney No. 6870-49

_____

Marie Castetter, Attorney No. 24575-49


Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\pleadings\appearance.doc

2

**IN THE MARION SUPERIOR COURT OF INDIANA**
**ROOM NO. 4**

| | | |
|---|---|---|
| HARVEY HUGGINS, | ) | Cause No. 49D04-1304-PL-012564 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **FILED** |
| v. | ) | (18⁄₄) MAY U 6 2013 |
| | ) | |
| THORNTON'S TRANSPORTATION, | ) | |
| a Division of THRONTON'S, INC., | ) | |
| | ) | *Elizabeth A. White* |
| Defendant. | ) | CLERK OF THE MARION CIRCUIT COURT |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**   Initiating: ☐   Responding: ☒   Intervening: ☐

1.  The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): **Thornton's Transportation, a Division of Thornton's, Inc.**

2.  Applicable attorney information for service as required by Trial Rule 5(B) (2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | | |
|---|---|---|---|
| Name: | **Amy S. Wilson** | Attorney No.: | 24184-49A |
| Firm: | **FROST BROWN TODD LLC** | Phone: | 317-237-3481 |
| Address: | **201 North Illinois Street** | FAX: | 317-237-3900 |
| | **Suite 1900** | Email: | awilson@fbtlaw.com |
| | **P. O. Box 44961** | | |
| | **Indianapolis, IN  46244-0951** | | |

3.  There are other party members: Yes ☐   No ☒   (*If yes, list on continuation page.*)

4.  *If first initiating party filing this case,* the clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3):  Not Applicable

5.  I will accept service by FAX at the above noted number: Yes ☐   No ☒

6.  This case involves support issues: Yes ☐   No ☒   (*If yes, supply social security numbers for all family members on continuation page.*)

7.  There are related cases:  Yes ☐   No ☒

8.  This form has been served on all other parties.  Certificate of Service is attached:
    Yes ☒   No ☐

9.  Additional information required by local rule: _____

FROST BROWN TODD LLC

By: _____

Amy S. Wilson, #24184-49A

Attorneys for Defendant

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this ___6___ day of May, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
300 Marott Center
342 Massachusetts Avenue
Indianapolis, IN  46204

_____

Amy S. Wilson

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P. O. Box 44961
Indianapolis, IN  46244-0961
(317) 237-3800
Fax:  (317) 237-3900
awilson@fbtlaw.com

INDLibrary2 0104393.0606062  1210116v1

2

**IN THE MARION SUPERIOR COURT OF INDIANA
ROOM NO. 4**

HARVEY HUGGINS,            )   Cause No. 49D04-1304-PL-012564

         Plaintiff,      )

     v.                )

THORNTON'S TRANSPORTATION,   )
a Division of THRONTON'S, INC.,   )

        Defendant.     )

**FILED**

MAY 0 6 2013

*Elizabeth L. White*
CLERK OF THE MARION CIRCUIT COURT

## NOTICE OF INITIAL ENLARGEMENT OF TIME

Defendant, by counsel, files its Notice of Initial Enlargement of Time pursuant to Trial Rule 6(B)(1). The summons and complaint in this matter were served on Defendant via certified mail on April 18, 2013, making Defendant's answer or other response due on or before May 8, 2013, which time has not yet expired. The undersigned counsel has been advised by Plaintiff's counsel Marie Castetter that they have no objection to this enlargement. An initial enlargement of thirty (30) days makes Defendant's answer or other response now due on or before June 7, 2013.

FROST BROWN TODD LLC

By: _____

Amy S. Wilson, #24184-49A
Attorneys for Defendant

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this ___6___ day of May, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
300 Marott Center
342 Massachusetts Avenue
Indianapolis, IN  46204

_____
Amy S. Wilson


FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P. O. Box 44961
Indianapolis, IN  46244-0961
(317) 237-3800
Fax:  (317) 237-3900
awilson@fbtlaw.com


INDLibrary2 0104393.0606062  1210138v1

# IN THE MARION COUNTY SUPERIOR COURT
## STATE OF INDIANA

| | | |
|---|---|---|
| HARVEY HUGGINS, | ) | Cause No. 49D04-1304-PL-0125664 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FILED** |
| | ) | ⑱ JUN 0 6 2013 |
| THORNTON TRANSPORTATION, a | ) | |
| Division of THORNTONS, INC., | ) | *Elizabeth R. White* |
| | ) | CLERK OF THE MARION CIRCUIT COURT |
| Defendant. | ) | |

## DEFENDANT THORNTON TRANSPORTATION'S
## MOTION FOR A MORE DEFINITE STATEMENT

Comes now Defendant Thornton Transportation ("Thornton") and pursuant to Indiana Trial Rule 12(E), submits its Motion for a More Definite Statement. In support thereof, Thornton states as follows:

1.      On or about April 5, 2013, Plaintiff Harvey Huggins ("Plaintiff") filed a Complaint in the Marion County Indiana Superior Court alleging, generally, unjust enrichment.

2.      Trial Rule 12(E) provides, in pertinent part

> **(E) Motion for more definite statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading.

3.      Plaintiff's Complaint consists of a list of various tasks Plaintiff alleges he performed while employed by Thornton but for which he alleges was not compensated by Thornton over a span of 19 years. Plaintiff's allegations culminate in Paragraph 9 of the Complaint in which Plaintiff claims: "Thorntons has been unjustly enriched, by reason of Huggins' uncompensated services as a Dispatcher/Manager of the Indianapolis Thornton drivers."

4.     To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under circumstances in which the defendant's retention of the benefit without payment would be unjust. *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991). Plaintiff has pled no facts in support of the contention that even if Plaintiff were not compensated for his work – which Thornton disputes – that it would be unjust under the circumstances.

5.     Further, Plaintiff has declined to provide any discernible clue as to what claims he may be bringing – apart from a general reference to unjust enrichment – including whether those claims sound in tort, contract, or quasi-contract and whether those claims are based on federal or state law. As Plaintiff has requested punitive damages, the presence of a tort claim may be presumed. But, from a plain reading of Plaintiff's Complaint, it is impossible to legitimately determine what Plaintiff contends are the operative facts and legal basis for *any* claim he may have pled. Aside from reciting the work Plaintiff alleges he did for which he alleged he received no payment, Plaintiff has offered no clue from which Thornton can discern what Plaintiff's claims are. Notice pleading does not allow indecipherable pleading.

6.     Based on the lack of specificity in Plaintiff's Complaint, Thornton is not in an appropriate position to evaluate a possible motion to dismiss or otherwise reasonably prepare a response to said Complaint. Plaintiff's Complaint fails to give fair notice to Thornton of the specific claims alleged against it and the operational facts concerning each alleged claim and the legal basis for such claim.

WHEREFORE, for the above-stated reasons, Thornton respectfully requests that this Court order Plaintiff to set forth a more definite statement as requested above.

Respectfully submitted,

FROST BROWN TODD LLC

By: _____

Amy S. Wilson, #24184-49A
Attorney for Defendant Thornton
Transportation


## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was served upon the following by U.S.

First Class Mail on the _6_ day of June, 2013.

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

_____
Amy S. Wilson


FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax:   317-237-3900
awilson@fbtlaw.com

INDLibrary1 0104393.0606062  1122020v1

3

## IN THE MARION COUNTY SUPERIOR COURT
## STATE OF INDIANA

| | | |
|---|---|---|
| HARVEY HUGGINS, | ) | Cause No. 49D04-1304-PL-012564 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FILED** |
| | ) | |
| THORNTON TRANSPORTATION, a | ) | (137) JUN 2 0 2013 |
| Division of THORNTONS, INC., | ) | |
| | ) | CLERK OF THE MARION CIRCUIT COURT |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT THORNTON TRANSPORTATION'S
### MOTION FOR A MORE DEFINITE STATEMENT

The Court, having reviewed Defendant Thornton Transportation's Motion for a More

Definite Statement and the matter being fully briefed, now GRANTS Defendant's Motion and

hereby ORDERS Plaintiff to file an Amended Complaint within 20 days from the date of this

Order.

Dated this 20th day of June, 2013.

_____

JUDGE, Marion Superior Court No. 4

*Distribution attached.*

Copies to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

Amy S. Wilson
FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961

INDLibrary1 0104393.0606062  1122021v1

STATE OF INDIANA )   IN THE MARION SUPERIOR COURT
) SS:
COUNTY OF MARION )   CAUSE NO. 49D04-1304-PL-012564


HARVEY HUGGINS,                              )
                                             )
                                             )
                          Plaintiff,         )
             v.                              )
                                             )
THORNTONS  TRANSPORTATION, a Division of )
THORNTONS, INC.,                             )
                                             )
                          Defendant.         )


## <u>AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL</u>

Comes now Plaintiff, Harvey Huggins ("Mr. Huggins" or "Huggins"), by counsel, and for his Amended Complaint for damages against the Defendant, Thorntons Inc. ("Thorntons") alleges and says as follows:

1.      Plaintiff completed nineteen years of continuous service as a truck driver for Defendant on October 12, 2012.

2.      During his tenure at Thorntons, Plaintiff was compensated for pick up and delivery of fuel to Thorntons convenience stores and was paid for such services by the load. Huggins also earned a safety bonus for each of his nineteen years of service as a Thorntons truck driver.  Huggins was the first Thorntons truck driver assigned by Defendant to Indianapolis.

3.      Thorntons also directed Mr. Huggins to dispatch the Thorntons drivers located in Indianapolis and to manage the Indianapolis Thorntons transportation business, which services were performed by Mr. Huggins.   Huggins was paid no other amount for his services as a Manger/Dispatcher.

4.     At all times herein mentioned Huggins utilized his home as the Thorntons' Indianapolis office Dispatch and Manager's office.

5.     At the direction of Thorntons, Huggins was:

a.   On call 24 hours a day seven days a week;

b.   Managed seven to nine Indianapolis drivers, i.e., scheduling the pick up and delivery of fuel for each of those drivers;

c.   Collected and reviewed drivers' logs and forwarded the logs to the Louisville home office weekly;

d.   During the cold weather months provide additives to diesel fuel tanks used by Thorntons drivers;

e.   In constant communication with Thorntons retail convenience stores regarding fuel levels;

f.   Expected to respond to all emergency calls for fuel placed by the thirteen 24-hour Thorntons stores in the Indianapolis area;

g.   To communicate with the Thorntons Louisville Central Dispatch Office as to all adverse road conditions and issues related to the retail stores;

h.   Was required to complete twice a month payroll for all Indianapolis drivers and fax the payroll to the Louisville home office;

i.   Was responsible for scheduling tractor trailer maintenance;

j.   Was directed each year to complete four driver safety rides for each Indianapolis truck driver and to make reports for each safety ride to Thornton's home office;

k.   Plaintiff was required to respond to all vehicle emergencies, roll-overs and the like;

2

    m.  Recruited , interviewed, confirmed DOT compliance and hired and disciplined all Indianapolis truck drivers;

    n.  Was required to store flammable diesel additive at his residence shipped by Throntons to Plaintiff's residence.

6.     In addition to truck driving services, Plaintiff worked an average of seven hours a day, six days a week as the Indianapolis Dispatcher/Manager without compensation, with the exception of Huggins payment of a 1% of Thorntons Transportation net profit at the conclusion of each calendar year that amounting\ to approximately $1,000 per year plus $25 for each ride-along Mr. Huggins performed with existing or perspective Thornton truck drivers, that occurred six to eight times Mr. Huggins last six years of employment.

7.     Thorntons has never compensated Huggins for its use of his home office, nor for the storage of the flammable diesel additives.

8.     Other dispatchers employed by Thorntons were compensated at a rate of $17.00 per hour.  Thornton's has failed to pay Huggins for such services.

9.     Huggins spent an average of forty-two hours each week dispatching and managing Thorntons Indianapolis truck drivers.

10.    Thorntons has been unjustly enriched, by reason of Thorntons receiving the benefit of Huggins' services as a Dispatcher/Manager for the Indianapolis Thorntons drivers and for the use of Plaintiff's home and garage as Thorntons' Indianapolis office and for storage of Thorntons hazardous diesel fuel additives, without providing more than nominal compensation for Huggins' Manager/Dispatcher services and no payment for the use of Huggins' home office or garage storage areas.

11.     Thorntons, conduct was grossly negligent, intentional and in reckless disregard of the rights of Plaintiff, Harvey Huggins; and Plaintiff is entitled to punitive damages to prevent such conduct in the future.

WHEREFORE, Plaintiff, Harvey Huggins, prays for damages in an amount to reasonably compensate him for his unpaid management and dispatching services that unjustly enriched Defendant Thorntons Transportation for the period of 24 months prior to October 10, 2012, for the value of Thorntons' unpaid use of Plaintiff's home for its Indianapolis office and storage of diesel fuel additives in Plaintiff's garage, for all other damages which are the result of Defendant's implied contract with Plaintiff, for Defendant's acts and omissions resulting in compensatory damages and for punitive damages in an amount sufficient to prevent such conduct in the future, Plaintiff's costs, expenses and reasonable attorney fees associated with this action, for trial by jury, and for all other proper relief in the premises.

Respectfully submitted,

FOLEY & ABBOTT

By: _____
Donald F. Foley, 6870-49

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 9th day of July 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

Donald F. Foley

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900
donf@foleyandabbott.com
g:\5107\pleadings\amended complaint.doc

5

## IN THE MARION SUPERIOR COURT OF INDIANA
## ROOM NO. 4

| | |
|---|---|
| HARVEY HUGGINS, | ) Cause No. 49D04-1304-PL-012564 |
| | ) |
| Plaintiff, | ) |
| | ) **FILED** |
| v. | ) |
| | ) ⑱₉  JUL 1 8 2013 |
| THORNTON'S TRANSPORTATION, | ) |
| a Division of THORNTON'S, INC., | ) *Elizabeth L. White* |
| | ) CLERK OF THE MARION CIRCUIT COURT |
| Defendant. | ) |

## MOTION FOR EXTENSION OF TIME
## TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Comes now Defendant Thornton's Transportation, by its undersigned counsel, pursuant to Indiana Rules of Trial Procedure Rule 6, and respectfully moves this Court for an eleven (11) day extension of time from July 22, 2013 within which to respond to Plaintiff's Amended Complaint. The undersigned counsel has inquired and has been advised by plaintiff's counsel Donald Foley that they have no objection to this initial extension of time.

WHERFORE, Defendant Thornton's Transportation respectfully requests an eleven (11) day extension of time within which to respond to Plaintiff's Amended Complaint to and including August 2, 2013.

FROST BROWN TODD LLC

By: _____

Amy S. Wilson, #24184-49A
Attorneys for Defendant

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this 18 day of July, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
300 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204

_____

Amy S. Wilson

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P. O. Box 44961
Indianapolis, IN 46244-0961
(317) 237-3800
Fax: (317) 237-3900
awilson@fbtlaw.com

INDLibrary2 0104393.0606062 1231819v1

2

**IN THE MARION SUPERIOR COURT OF INDIANA**
**ROOM NO. 4**

HARVEY HUGGINS,                          )   Cause No. 49D04-1304-PL-012564
                                         )
        Plaintiff,                       )
                                         )
  v.                                     )
                                         )
THORNTON'S TRANSPORTATION,               )
a Division of THORNTON'S, INC.,          )
                                         )
        Defendant.                       )

**FILED**

JUL 2 2 2013   (82)

*Elizabeth of White*
CLERK OF THE MARION CIRCUIT COURT

## ORDER

      Defendant Thornton's Transportation, by counsel, having moved this Court for an eleven

(11) day extension of time within which to respond to Plaintiff's Amended Complaint, and the

Court being duly advised in the premises and having considered same, now grants said Motion.

      IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant

Thornton's Transportation shall have to and including August 2, 2013 within which to respond to

Plaintiff's Amended Complaint.

Dated: __JUL 2 2 2013__

_____
JUDGE, Marion Superior Court 4

**Distribution to:**

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
300 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204

Amy S. Wilson
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P. O. Box 44961
Indianapolis, IN 46244-0961

INDLibrary2 0104393.0606062 1231831v1

## IN THE MARION SUPERIOR COURT OF INDIANA
## ROOM NO. 4

| | | |
|---|---|---|
| HARVEY HUGGINS | ) | Cause No. 49D04-1304-PL-0125664 |
|       Plaintiff, | ) | |
| | ) | |
|    v. | ) | **FILED** |
| | ) | |
| THORNTON TRANSPORTATION, a | ) | AUG 0 1 2013 |
| Division of THORNTONS, INC., | ) | |
| | ) | *Elizabeth R. White* |
|       Defendant. | ) | CLERK OF THE MARION CIRCUIT COURT |

## DEFENDANT THORNTON TRANSPORTATION INC.'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Thornton Transportation Inc., by counsel, respectively moves this Court to dismiss Plaintiff's Amended Complaint, pursuant to Indiana Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted. Reasons in support of this motion are set forth more fully in the accompanying Memorandum in Support.

WHEREFORE, Defendant Thornton Transportation Inc. respectfully moves this Court to dismiss Plaintiff's Amended Complaint because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

Respectfully submitted,

FROST BROWN TODD LLC

By: _____
    Amy S. Wilson, #24184-49A
    Attorneys for Defendant Thornton
    Transportation Inc.

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this 1st day of August, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

Amy S. Wilson

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax:    317-237-3900
awilson@fbtlaw.com

INDLibrary1 0104393.0606062  1136813v1

### IN THE MARION SUPERIOR COURT OF INDIANA
### ROOM NO. 4

| | | |
|---|---|---|
| HARVEY HUGGINS | ) | Cause No. 49D04-1304-PL-012564 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **FILED** |
| THORNTON TRANSPORTATION, a | ) | ⑱ⓐ  AUG 0 1 2013 |
| Division of THORNTONS INC., | ) | |
| | ) | |
| Defendant. | ) | *Elizabeth A. White* |

CLERK OF THE MARION CIRCUIT COURT

### DEFENDANT THORNTON TRANSPORTATION INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## I.      INTRODUCTION

Plaintiff Harvey Huggins ("Huggins") voluntarily consented to, and worked under, a compensation system whereby Huggins:  (1) was paid per load to deliver fuel for Defendant Thornton Transportation, Inc. ("Thornton"); (2) was paid lump sum payments for performing certain discrete tasks; (3) was paid safety bonuses; and (4) was paid up to 1% of Thornton's Indianapolis region's net profit for acting as a dispatcher and manager for Thornton.  After nineteen years, Huggins is now claiming that Thornton was unjustly enriched by virtue of this compensation system.  Huggins, however, has failed to plead facts in support of an unjust enrichment claim.  In fact, Huggins has done the opposite.  Accordingly, Thornton requests that Huggins' Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## II.      FACTS ALLEGED BY PLAINTIFF

Huggins worked as a truck driver for Thornton for nineteen years.  (Amended Complaint, ¶ 1).  While employed by Thornton, Huggins was paid to pick-up and deliver fuel to Thornton's convenience stores.  (*Id.* at ¶ 2).  In addition to his payments for delivering fuel, Huggins was

eligible for and received a safety bonus for each of his nineteen years. (*Id.*) Huggins also worked as a dispatcher for Thornton. (*Id.* at ¶ 3). For his work as a dispatcher, Huggins received 1% of Thornton's Indianapolis region's net profit at the conclusion of each year plus several lump sum payments for certain services provided by Huggins. (*Id.* at ¶ 6).

On April 5, 2013, Huggins brought suit against Thornton. After Thornton filed a Motion for More Definite Statement, which was granted by this Court, Huggins' filed an Amended Complaint on July 9, 2013, in which Huggins alleged that Thornton was unjustly enriched by virtue of Huggins' services as a dispatcher. Specifically, Huggins alleged:

> Thorntons has been unjustly enriched, by reason of Thorntons receiving the benefit of Huggins' services as a Dispatcher/Manager for the Indianapolis Thorntons drivers and for the use of Plaintiff's home and garage as Thornton's Indianapolis office and for storage of Thorntons hazardous diesel fuel additives, **without providing more than nominal compensation** for Huggins' Manager/Dispatcher services and no payment for the use of Huggins' home office or garage storage areas.

(*Id.* at ¶ 10) (emphasis added). Additionally, Huggins' claimed damages "which are the result of Defendant's **implied contract** with Plaintiff…" (*Id.* at p. 4) (emphasis added). Huggins did not bring a claim for breach of contract. *Id.* Nor did he plead any facts in support of a breach of contract claim. *Id.*

## III.   STANDARD OF REVIEW

Pursuant to Indiana Rule of Trial Procedure 12(B)(6), a defendant may challenge a plaintiff's complaint by a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Although the court must accept as true all allegations made by the plaintiff and construe the motion in the light most favorable to the plaintiff, the Court must dismiss a Complaint pursuant to Trial Rule 12(B)(6) if it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *See Barth Electric Co.*

2

*v. Traylor Bros., Inc.*, 553 N.E.2d 504, 506 (Ind. Ct. App. 1990); *Wilhoite v. Melvin Simon & Associates*, 640 N.E.2d 382, 384 (Ind. Ct. App. 1994).

## IV.    LEGAL ANALYSIS

### A.    <u>The Existence of a Contract Requires Dismissal of an Unjust Enrichment Claim.</u>

Huggins cannot prevail upon his sole cause of action for unjust enrichment as he has pled the existence of an implied contract.

In Indiana, there are three types of contracts: express, implied, and constructive. *DiMizio v. Romo*, 756 N.E.2d 1018, 1024 (Ind. Ct. App. 2001) *citing Ahuja v. Lynco Ltd. Med. Research*, 675 N.E.2d 704, 709 (Ind. Ct. App. 1996). Express and implied contracts are very similar, differing only in that an express contract is evidenced by spoken or written words while an implied contract is evidenced by the conduct of the parties. *Id.*

A constructive contract, also known as a quasi-contract, is implied at law. *DiMizio*, 675 N.E.2d at 1024 *citing City of Indianapolis v. Twin Lakes*, 568 N.E.2d 1073, 1078 (Ind. Ct. App. 1991). Constructive contracts are a legal fiction used in situations where no contract exists "but where justice nevertheless warrants a recovery under the circumstances as though there had been a promise." *Id.* Unjust enrichment arises solely in the context of constructive contract. *DiMizio*, 675 N.E.2d at 1025 *citing Ahuja*, 675 N.E.2d at 709. Unjust enrichment only "operates when there is no governing contract." *DiMizio*, 675 N.E.2d at 1025. If an implied contract exists, unjust enrichment is not the proper remedy. *Id.*, *see also Naugle v. Kyler Bros. Servs.*, 2006 U.S. Dist. LEXIS 22921, *5, 2006 WL 897884 (S.D. Ind. Mar. 31, 2006) ("If an oral (express) or implied contract existed between the parties then unjust enrichment is not the proper remedy.")

At the outset, Huggins has pled the existence of an implied contract which would control the employment relationship between Huggins and Thornton. Under clear Indiana law, if an

express or implied contract exists between the parties, unjust enrichment is not the proper remedy.   The existence of the contract necessitates the dismissal of Huggins' Amended Complaint.

**B.      Allegations of Being Voluntarily Underpaid do not Support a Claim for Unjust Enrichment.**

Even if Huggins withdraws his allegations concerning the existence of a contract, Huggins still has pled no facts in support of an unjust enrichment claim.  If a contract does *not* control the employment relationship and the employment is at-will, after-the-fact allegations that an employee has been underpaid throughout the employment relationship will not support a claim for unjust enrichment.

It has been held that allegations amounting to a claim that an employee was voluntarily underpaid will not support a claim for unjust enrichment.  *Sweet v. Indianapolis Jet Ctr., Inc.*, 2013 U.S. Dist. LEXIS 6059, *13-14, 2013 WL 150329 (S.D. Ind. Jan. 14, 2013).  As explained by the court in *Sweet*:

> **Sweet's unjust enrichment claim is based upon his allegation that he was 'grossly underpaid' by the Defendants during the course of his employment and that the Defendants profited 'from his unpaid and/or underpaid labor services and expertise.'**   ***   The problem with Sweet's unjust enrichment claim is that it may be pursued only in the absence of a contract — that is, only if Sweet has no valid and enforceable employment contract with the IJC Defendants and/or the Comlux Defendants— and in the absence of an employment contract Sweet was an at-will employee whose salary could be unilaterally reduced at any time.  *Eck & Assocs., Inc. v. Alusuisse Flexible Packaging, Inc.*, 700 N.E.2d 1163, 1167 (Ind. App. 1998).   The Court does not understand Sweet to allege that he was not paid what he was owed for work he performed prior to Comlux informing him of the pay-cut; rather, Sweet simply alleges that Comlux twice cut his pay prospectively in violation of their prior agreement to pay him $165,000 per year.  In the absence of an enforceable employment contract, it was Comlux's prerogative to do so under Indiana law.  Sweet's choice when presented with his new salary was to either

accept it or resign.  *See Wheeler v. Balemaster, Div. of East Chicago Mach. Tool Corp.*, 601 N.E.2d 447, 448 (Ind. App. 1992) ("This Court has held that, when an employer unilaterally changes agreed-upon employment terms, the employee may either (1) accept the changes and continue employment under the new terms or (2) reject the changes and quit work.")  \*\*\*  **Accordingly, Sweet's unjust enrichment claim is dismissed**.

*Id.* (emphasis added).

Huggins admitted in his Amended Complaint that he received remuneration for his dispatching services.  While Huggins now contends that the remuneration was "nominal," it is undisputed that Huggins accepted the amount and types of payments he received while employed by Thornton.  In fact, Huggins accepted those payments for nineteen years.  Like in *Sweet*, Huggins cannot now claim that Thornton was unjustly enriched by virtue of an employment relationship to which he consented and benefited from for a period of up to nineteen years.  Accordingly, even if Huggins were to withdraw his allegations regarding the existence of a contract, Huggins' Amended Complaint should still be dismissed for failure to state a claim.

## V.     CONCLUSION

For the foregoing reasons, Defendant Thornton Transportation Inc., by counsel, respectfully requests this Court dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

FROST BROWN TODD LLC

By: _____

Amy S. Wilson, #24184-49A
Attorneys for Defendant Thornton
Transportation, Inc.

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this 1st day of August, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

Amy S. Wilson

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax:    317-237-3900
awilson@fbtlaw.com

INDLibrary2 0000000.0001525   1234710v1

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D04-1304-PL-012564 |

HARVEY HUGGINS, )
)
)
Plaintiff, )
v. )
)
THORNTONS TRANSPORTATION, a Division of )
THORNTONS, INC., )
)
Defendant. )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes now Plaintiff, Harvey Huggins, by counsel, hereby submits his response in opposition to Defendant's Motion to Dismiss.

## STANDARD OF LAW

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir.2008). However, the allegations must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Perrey v. Donahue*, 2008 WL 182070 (N.D.Ind. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir.2009) (citations omitted). A motion to dismiss is properly granted only when the allegations present no possible set of facts upon which the plaintiff could recover. *Dominiack Mechanical, Inc. v. Dunbar*, 757 N.E.2d 186, (Ind.Ct.App. 2001)

**DISCUSSION**

A motion to dismiss pursuant to 12(b)(6) raises the legal sufficiency of the complaint. Mr. Huggins' claim of unjust enrichment is not legally insufficient.

In order to prevail on a claim for unjust enrichment, a plaintiff must establish that the plaintiff has conferred a measurable benefit upon the defendant under such circumstances that retention of the benefit without payment would be unjust. *Bright v. Kuehl,* 650 N.E.2d 311 (Ind.Ct.App.1995). This theory is sometimes referred to as a quasi-contract. *Nehi Beverage Co., Inc. of Indianapolis v. Petri,* 537 N.E.2d 78 (Ind.Ct.App.1989); *Dedelow v. Rudd Equipment Corp.,* 469 N.E.2d 1206, 1209 (Ind.Ct.App.1984) ("[u]njust enrichment comes within the purview of an action based on quasi contract or quantum meruit. A party seeking to recover upon such a theory must demonstrate that a benefit was rendered to the other party at the express or implied request of such other party"); *Indianapolis Raceway Park, Inc. v. Curtiss,* 386 N.E.2d 724 (1979); *cf. Wright v. Pennamped,* 657 N.E.2d 1223 (Ind.Ct.App.1995), *clarified on denial of reh'g* (in order to recover under the theory of quasi-contract, a plaintiff is required to establish that the defendant impliedly or expressly requested that the benefit be conferred).

A quasi-contract is established when there is unjust enrichment due to another party's detriment, and there is a violation of "the fundamental principles of justice, equity, and good conscience." *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.,* 907 F.2d 732, 737 (7th Cir.1990).  Unjust enrichment is a valid claim when no governing contract exists between the parties. *DiMizio v. Romo,* 756 N.E.2d 1018, 1025 (Ind.Ct.App.2001).

Defendant's Motion to Dismiss attacks the Plaintiff's Complaint by claiming Huggins had an implied contract with his former employer.  While that may be true with regard to Mr.

2

Huggins' employment as a transport driver, there was no contract, express or implied relating to his work managing and/or dispatching the Indianapolis transport operations.

The only express contract that Mr. Huggins entered into with Thorntons is for his work as a driver in which he was paid by the load. The alleged contract that the Defendant claims precludes his claim for unjust enrichment is attached hereto as Exhibit A. Pursuant to *Phenicie v. Bossert Industrial Supply Inc.,* 963 F. Supp 747 (N.D.Ind. 1996) the annual 1% bonus is not wages in that it relates to the over all performance of the Indianapolis truck drivers and not Mr. Huggins sole performance. Thus neither does it provide any compensation for dispatching or managing services. The Agreement is only applicable to Mr. Huggins in his role as a driver. The document repeatedly refers to drivers throughout and states:

> The year will start over on October 1st and the opportunity for a full bonus is available to all *drivers* including someone that may have had a chargeable accident in the prior year.
>
> This opportunity shall be in effect for the fiscal year 2011 – 2012 and is contingent upon *driver* being employed by Thorntons at the time of issue of the bonus . . . (emphasis ours)

Exhibit A.

It does not address reimbursement for expenses related to the usage of his home office, storage and handling of hazardous chemicals while performing as dispatcher or manager. The substance of Exhibit relates to solely to drivers.

Harvey Huggins is requesting that this court recognize its authority to apply the doctrine of constructive contract long recognized in Indiana law. The principals of implied contract, quasi contract, unjust enrichment and constructive contract have often been used interchangeably, as noted in Defendants Memorandum in support of its motion to dismiss. The doctrines of unjust enrichment and constructive contract apply to this case. Fortunately, additional investigation has

3

been completed and the discovery of additional facts has cleared up the ultimate facts in the case as set forth in the second amended complaint which Plaintiff has moved be accepted by this court.

- There was no governing contract for Mr. Huggins services as a dispatcher nor as a manager of the Indianapolis Thorntons trucking operation.

- The one percent bonus is not a wage pursuant to Indiana law. It is not dependent on any service exclusively provided by Mr. Huggins. It is a driver bonus of annual net profit based on the performance of all Indianapolis truck drivers.

- A safety bonus of $500 was paid to Mr. Higgins as a truck driver for an accident free year and is received on an annual basis.

This is not a case similar to *Sweet v. Indianapolis Jet Ctr., Inc. 2013 U.S. Dist. WL150329* cited by Defendant. Huggins was not underpaid he received no pay as a dispatcher/ manager, with the exception of three $25 dollar amounts paid in the past six years. Sweet claimed a wrongful cut in pay. Harvey Huggins presents a case of uncompensated services performed that provided a benefit to Thorntons for which it did not pay any meaningful compensation, but benefitted unjustly.

See I.L.E. Vol. 6 Contracts, **Constructive Contracts § 6**

Constructive contracts are also known as quasi-contracts or contracts implied at law.  Quasi-contractual remedies permit recovery where no contract in fact exists.  The constructive contract theory is used in situations where, even though no contract actually exists, justice nevertheless warrants a recovery under the circumstances as though there had been a promise.  Quantum meruit is a remedy for breach of contract under which an innocent party can rebreach of contract under which an innocent party can recover damages for services rendered under a contract.  However, courts have also used the term quantum meruit synonymously with the terms constructive contract and quasi-contract.  They are all legal fictions created by courts of law to provide remedies which promote justice and equity by providing the injured party with the fair value of the work and services rendered and thus preventing unjust enrichment to the person who benefited from the

4

services.

***

Thus, to prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a measurable benefit on the defendant under circumstances in which the defendant's retention of the benefit without payment would be unjust.

Thorntons argument for dismissal based upon Mr. Huggins' being "underpaid" misses the mark. The Defendant's reliance on *Sweet v. Indianapolis Jet Center, Inc.*, 2013 WL 150329 in support of their argument that Mr. Huggins' claim that he was underpaid is easily distinguished. In *Sweet*, the Court noted that Sweet did not allege that he was not paid altogether, rather he alleged that his pay was cut in violation of their prior agreement to be paid certain amount. *Id.* at *5. The Court stated that because Sweet's employment was at-will, the employer was free to unilaterally change the terms of the employment. *Id.*

However, in Mr. Huggins case, there was no agreement that he be paid a specific rate for his time spent as dispatcher and/or manager. Indeed, Mr. Huggins was not paid for any time spent as dispatcher and/or manager. Thorntons actions of not paying Mr. Huggins for time spent as dispatcher and/or manager violates both federal and state laws on minimum wage and frequency of paychecks. These circumstances were not present in the Sweet case and so it is not instructive to the Court on Mr. Huggins claim.

WEREFORE, the Plaintiff, by counsel respectfully prays that Defendant's motion to dismiss with prejudice be denied and for all other proper relief in the premises.

5

Respectfully submitted,

FOLEY & ABBOTT

By: _____
Donald F. Foley, 6870-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 2 day of *August*, 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

_____
Donald F. Foley

Donald F. Foley
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\pleadings\caption - cos.doc

6

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D04-1304-PL-012564 |

HARVEY HUGGINS,                              )
                                            )
                                            )
                          Plaintiff,         )
              v.                            )
                                            )
THORNTONS TRANSPORTATION, a Division of )
THORNTONS, INC.,                            )
                                            )
                          Defendant.         )

## MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now Plaintiff, Harvey Huggins, by Donald F. Foley, counsel, and respectfully prays that the Court permit the Plaintiff to file a Second Amended Complaint in the above matter and shows the Court:

1.      That Plaintiff has filed his motion in response to Defendant's Motion to Dismiss his Complaint with Prejudice this same date.

2.      That given the circumstances outlined in said response, Indiana's public policy regarding liberal pleadings, doctrines of instructive contract and quasi-contract, the Plaintiff should be allowed to revise his Complaint and that such Complaint would be subject to answer by Defendant.

WHEREFORE, Harvey Huggins, counsel, respectfully prays the Court grant leave to file a Second Amended Complaint and for all other proper relief in the premises.

Respectfully submitted,

FOLEY & ABBOTT

By: _____
Donald F. Foley, 6870-49

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 20 day of August 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

Donald F. Foley

Donald F. Foley
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\pleadings\motion to amend complaint.doc

2

STATE OF INDIANA     )           IN THE MARION SUPERIOR COURT
                    ) SS:
COUNTY OF MARION    )          CAUSE NO. 49D04-1304-PL-012564

HARVEY HUGGINS,                 )
                                    )
                                    )
                   Plaintiff,      )
          v.                       )
                                    )
THORNTONS TRANSPORTATION, a Division of  )
THORNTONS, INC.,                )
                                    )
                  Defendant.    )

### SECOND AMENDED COMPLAINT
### FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now Plaintiff, Harvey Huggins ("Mr. Huggins" or "Huggins"), by counsel, and for his Amended Complaint for damages against the Defendant, Thorntons Inc. ("Thorntons") alleges and says as follows:

1.     Plaintiff completed nineteen years of continuous service as a truck driver for Defendant on October 12, 2012.

2.     During his tenure at Thorntons, Plaintiff was compensated for pick up and delivery of fuel to Thorntons convenience stores and was paid for such services by the load. Huggins also earned a safety bonus for each of his nineteen years of service as a Thorntons truck driver. Huggins was the first Thorntons truck driver assigned by Defendant to Indianapolis.

3.     Mr. Huggins provided dispatching services for Indianapolis without Thorntons paying for such services.

4.     Huggins similarly managed the Indianapolis drivers and was not paid other than three $25 amounts in the six years prior to the termination of his employment.



5. At all times herein mentioned Huggins utilized his home as the Thorntons' Indianapolis office Dispatch and Manager's office. Thorntons failed to pay Huggins for the use of his home office and for Huggins' storage of Thorntons' hazardous diesel additives in Huggins' garage.

6. Plaintiff Huggins provided the following services for the Defendant:

a. On call 24 hours a day seven days a week;

b. Managed seven to nine Indianapolis drivers, i.e., scheduling the pick up and delivery of fuel for each of those drivers;

c. Collected and reviewed drivers' logs and forwarded the logs to the Louisville home office weekly;

d. During the cold weather months provide additives to diesel fuel tanks used by Thorntons drivers;

e. In constant communication with Thorntons retail convenience stores regarding fuel levels;

f. Responded to all emergency calls for fuel placed by the thirteen 24-hour Thorntons stores in the Indianapolis area;

g. Communicated with the Thorntons Louisville Central Dispatch Office as to all adverse road conditions and issues related to the retail stores;

h. Completed twice a month payroll for all Indianapolis drivers and fax the payroll to the Louisville home office;

i. Scheduled tractor trailer maintenance;

j. Completed four driver safety rides for each Indianapolis truck driver and to make reports for each safety ride to Thornton's home office;

2

k.   Responded to all vehicle emergencies, roll-overs and the like;

m.  Recruited , interviewed, confirmed DOT compliance and hired and disciplined all Indianapolis truck drivers;

6.      In addition to truck driving services, Plaintiff worked an average of seven hours a day, six days a week as the Indianapolis Dispatcher/Manager without compensation.

7.      Thorntons has never compensated Huggins for its use of his home office, nor for the storage of the flammable diesel additives.

8.      Other dispatchers employed by Thorntons were compensated at a rate of $17.00 per hour.  Thornton's has failed to pay Huggins for such services.

9.      Huggins spent an average of forty-two hours each week dispatching and managing Thorntons Indianapolis truck drivers.

10.     Thorntons has been unjustly enriched, by reason of Thorntons receiving the benefit of Huggins' services as a Dispatcher/Manager for the Indianapolis Thorntons drivers and for the use of Plaintiff's home and garage as Thorntons' Indianapolis office and for storage of Thorntons hazardous diesel fuel additives, not paying a fair and just amount for such services or for the use of Huggins' home office and garage storage.

11.     Thorntons is liable to Plaintiff and their conduct was grossly negligent, intentional and in reckless disregard of the rights of Plaintiff, Harvey Huggins; and Plaintiff is entitled to punitive damages to prevent such conduct in the future.

WHEREFORE, Plaintiff, Harvey Huggins, prays for damages in an amount to reasonably compensate him for his unpaid management and dispatching services that this Court find that a constructive contract or quasi-contract existed and that Defendant be required to pay the fair value of Plaintiff's said services for the period of 24 months prior to October 10, 2012, and for the value

3

of Thorntons' unpaid use of Plaintiff's home for its Indianapolis office and storage of diesel fuel additives in Plaintiff's garage, for all other damages of unjust enrichment which are the result of Defendant's conduct toward Plaintiff, for Defendant's acts and omissions resulting in compensatory damages and for punitive damages in an amount sufficient to prevent such conduct in the future, Plaintiff's costs, expenses and reasonable attorney fees associated with this action, for trial by jury, and for all other proper relief in the premises.

Respectfully submitted,

**FOLEY & ABBOTT**

By: _Donald F. Foley_

Donald F. Foley, 6870-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 9th day of July 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

_Donald F. Foley_

Donald F. Foley

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900
donf@foleyandabbott.com
g:\5107\pleadings\second amended complaint.doc

4

## IN THE MARION SUPERIOR COURT OF INDIANA
## ROOM NO. 4

| | | |
|---|---|---|
| HARVEY HUGGINS, | ) | Cause No. 49D04-1304-PL-012564 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THORNTON TRANSPORTATION, | ) | |
| a Division of THORNTON'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |

FILED

SEP 2 0 2013

*Clerk L. Wild*
CLERK OF THE MARION CIRCUIT COURT

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant Thornton Transportation, Inc. ("Thornton"), by counsel, moves this Court for a Motion to Stay Discovery and states as follows:

1.     On April 5, 2013, Plaintiff Harvey Huggins ("Huggins") brought suit against Thornton.  After Thornton filed a Motion for a More Definite Statement on June 6, 2013, which was granted by this Court, Huggins' filed an Amended Complaint on July 9, 2013.

2.     On August 1, 2013, Thornton filed a Motion to Dismiss Huggins' Amended Complaint.

3.     On August 20, 2013, Huggins filed his Responsive Memorandum to Thornton's Motion to Dismiss as well as a Motion seeking leave to amend his Complaint again.

4.     Huggins has served comprehensive discovery requests, including both interrogatories and requests for production of documents on Thornton.   For the Court's reference, those discovery requests are attached hereto as Exhibits A and B, respectively. Thornton has also served discovery on Huggins.

5.     Under Indiana law, trial courts have discretion to control the timing and sequence of discovery and to prevent or delay discovery that is annoying, unduly burdensome or

expensive. *Small v. Centocor, Inc.,* 731 N.E.2d 22, 30 (Ind. Ct. App. 2000); *City of Elkhart v.*
*Agenda: Open Govât, Inc.,* 683 N.E.2d 622, 628 (Ind. Ct. App. 1997); *Matter of Estate of*
*Wilson,* 610 N.E.2d 851, 854 (Ind. Ct. App. 1993).

     6.     "Rulings on motions for discovery rest in the sound discretion of the trial court
and will be reversed only for an abuse of discretion." *Reel v. Clarian Health Partners, Inc.*, 917
N.E.2d 714, 722 (Ind. Ct. App. 2009), trans. denied. "In addition, the sequence and timing of
discovery has been left to the almost unlimited discretion of the trial court." *Id.* (finding no
abuse of discretion in "sequencing the discovery to avoid extensive and costly discovery until it
ruled on the motion to dismiss"). "The grant or denial of motions for discovery rests within the
sound discretion of the trial court and will be reversed only for an abuse of that discretion."
*Howard v. Dravet*, 813 N.E.2d 1217, 1221 (Ind. Ct. App. 2004) *citing Moyars v. Moyars*, 717
N.E.2d 976, 978 (Ind. Ct. App. 1999), trans. denied. "An abuse of discretion will not be found
unless the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

     7.     Rule 26(C) of the Indiana Rules of Trial Procedure provides that a court may
enter an order to protect a party or person from annoyance ... or undue burden or expense,
including ... (1) [that] the discovery not be had; [or] (2) that the discovery may be had only on
specified terms and conditions, including a designation of the time or place.... Ind. R. Trial P.
26(C). Further, Rule 26(D) of the Indiana Rules of Trial Procedure provides: "Unless the court
upon motion, for the convenience of parties and witnesses and in the interests of justice, orders
otherwise, methods of discovery may be used in any sequence…" Ind. R. Trial P. 26(D).

     8.     If the parties were to proceed with full discovery before final resolution of
Thornton's Motion to Dismiss, it would be unduly burdensome, wasteful, inefficient and a

potentially futile exercise.  This case is in its early stages and, in the event the Court denies Thornton's Motion to Dismiss, there will be ample time to conduct discovery after the entry of such an Order.  Huggins will not be prejudiced by this delay.

      9.     Counsel for Thornton contacted counsel for Huggins who indicated that Huggins objects to the relief requested in this Motion.

      WHEREFORE, Defendant Thornton Transportation respectfully requests that the Court enter a stay of all discovery pending a resolution on its Motion to Dismiss.

FROST BROWN TODD LLC

By: _____
    Amy S. Wilson, #24184-49A
    Attorneys for Defendant

3

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this 20th day of September, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
300 Marott Center
342 Massachusetts Avenue
Indianapolis, IN  46204


_____
Amy S. Wilson


FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P. O. Box 44961
Indianapolis, IN  46244-0961
(317) 237-3800
Fax:  (317) 237-3900
awilson@fbtlaw.com


INDLibrary2 0104393.0606062  1246629v1

**A**

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D04-1304-PL-012564 |

HARVEY HUGGINS,                               )
                                             )
                                             )
                    Plaintiff,                )
        v.                                    )
                                             )
THORNTONS TRANSPORTATION, a Division of )
THORNTONS, INC.,                              )
                                             )
                    Defendant.                )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THORNTONS, INC.

Plaintiff, Harvey Huggins ("Plaintiff" or "Mr. Huggins"), by counsel, pursuant to Rules 26 and 33 of the Indiana Rules of Civil Procedure, requests that Defendant, Thorntons, Inc. ("Defendant" or "Thorntons"), answer the following Interrogatories, in writing and under oath, within thirty (30) days of service thereof.

## INSTRUCTIONS AND DEFINITIONS

1.      All information is to be divulged which is in your possession, custody or control or within the possession, custody or control of your attorney(s), investigator(s), agent(s), employee(s) or other representatives of you or your attorney.

2.      Where an Interrogatory calls for an answer in more than one part, each part should be separated in the answer so that the answer is clearly understandable.

3.      All answers must be made separately and fully and an incomplete or evasive answer is a failure to answer.

4.      You are under a duty seasonably to amend any of your responses to these Interrogatories if you obtain information such that you know that your response, though correct when given, is no longer true and the circumstances are such that a failure to amend your response is, in substance, a knowing concealment.  These Interrogatories are continuing and if additional information responsive to any of these interrogatories is acquired or discovered by you after service of your responses, you are instructed to please serve supplemental responses immediately upon acquiring or discovering such information.

5.      These Interrogatories are directed to the knowledge or information of Thorntons, Transportation, and the answers hereto are to be completed to the best knowledge of Thorntons, Transportation, its attorneys, investigators, agents, employees, consultants or other representatives.

6.      The terms "person" or "persons" include all natural persons, proprietorships, partnerships, corporations, governmental departments and agencies and all other types of organizations or associates, whether for profit or not-for-profit.

7.      The     terms     "you,"     "your"     or     "Thorntons"     mean Thorntons Transportation, its attorneys, investigators, accountants, agents, employees, consultants or other representatives.

8.      The term "Complaint" shall mean the Complaint filed by the Plaintiff in this action on or about April 5, 2013.

9.      If any of the information requested herein is not in the possession, custody or control of Thorntons Transportation but is known or believed to be in the possession of another person, business, organization or entity, please identify that person, business, organization or entity in the manner specified in these instructions.

2

10.     When used in reference to an individual person, "identify" or "identity" means to state his or her full name, present or last-know address and telephone number and present or last-known position and place of employment.  When used in reference to a business, organization or entity, "identify" or identity" means to state its full name, its principal business address and the nature of the business, organization or entity (e.g., corporation, partnership).  When used in reference to a document, "identify" or "identity" means to set forth its date, title, author, or maker, designated and actual recipient(s), type of document, number of pages and identity (as defined above) of its present or last-known custodian.

## INTERROGATORIES

**INTERROGATORY NO. 1.**     Please identify each person who has provided any information for any of the answers to the following Interrogatories or any documents for any of the requests in Plaintiff's First Requests for Production, served contemporaneously herewith, and identify each answer or request for which each such person has provided any such information or documents.

**ANSWER:**

**INTERROGATORY NO. 2.**     Please state whether Thorntons ever received any complaints of Mr. Huggins ability to perform services and if so, provide the following:

    a.      Name of individual who made the report;
    b.      The date of the report was made;
    c.      The date of the incident
    d.      To whom the report was made;
    e.      Any witnesses to the incident;
    f.      Description of the incident.

**ANSWER:**

3

**INTERROGATORY NO. 3.**     Please state whether Thorntons ever received a report from a person(s) suspicious that Mr. Huggins was intoxicated, appeared for work under the influence of alcohol or was drinking on the job, and if so, provide the following:

- a.     Name of individual who made the report;
- b.     The date of the report was made;
- c.     The date of the incident
- d.     To whom the report was made;
- e.     Any witnesses to the incident;
- f.     Description of the incident.

**ANSWER:**

**INTERROGATORY NO. 4.**     Please describe in detail each reason why Mr. Huggins' employment was terminated.

**ANSWER:**

**INTERROGATORY NO. 5.**     Please state the names and ages of each individual or who replaced or took over the job responsibilities of Mr. Huggins after he was terminated from employment.

**ANSWER:**

**INTERROGATORY NO. 6.**     Please identify the names, addresses, ages and hourly compensation paid dispatchers in each of the years: 2010, 2011 and 2012.

**ANSWER:**

4

**INTERROGATORY NO. 7.**    Please identify the names, addresses, ages and hourly or salaried compensation paid to managers of drivers, their assigned location, city or town, for each of the years: 2010, 2011 and 2012.

**ANSWER:**

**INTERROGATORY NO. 8.**    Please identify the names, addresses, ages and hourly or salaried compensation paid to dispatchers, their assigned location, city or town, who dispatched Thorntons drivers in each of the years: 2010, 2011 and 2012.

**ANSWER:**

**INTERROGATORY NO. 9.**    Please describe any bonus or other compensation payment for Thorntons dispatchers other than their base pay.

**ANSWER:**

**INTERROGATORY NO. 10.**    Please describe any bonus or other compensation payment for Thorntons drivers, dispatchers, and managers of drivers other than their base pay.

**ANSWER;**

**INTERROGATORY NO. 11.**    Please identify the names, addresses and ages of all Thorntons dispatchers, managers and drivers that were terminated from 2008 -2012.

**ANSWER:**

**INTERROGATORY NO. 12.**  Please state whether other employees have been terminated for drug and/or alcohol usage in the last five years, and if so, provide the following:

5

a.  Name and age of the employee;
b.  The date of the report was made;
c.  The date of the incident
d.  To whom the report was made;
e.  Any witnesses to the occurrence;
f.  Description of the occurrence.
g.  Copy of the report to the DOT

**ANSWER:**

**INTERROGATORY NO. 13.**   Please list all claims made by Thorntons employees whether in court, or administrative claims between 2008 and 2012 plus the name of the employee, the court or agency and case number.

**ANSWER:**

FOLEY & ABBOTT

By: _____
Donald F. Foley, 6870-49

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 24 day of July, 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

_____
Donald F. Foley

6

Donald F. Foley
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\discovery\1st ints to thorntons.doc

7

**B**

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D04-1304-PL-012564 |

HARVEY HUGGINS,   )
                  )
                  )
          Plaintiff,   )
    v.            )
                  )
THORNTONS TRANSPORTATION, a Division of )
THORNTONS, INC.,   )
                  )
          Defendant.   )

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS

Come now the Plaintiff, Harvey Huggins (hereinafter "Plaintiff" or "Mr. Huggins"), by counsel, pursuant to Rules 26 and 34 of the Indiana Rules of Civil Procedure, and request Defendant Thorntons Transportation to produce the following documents within 30 days after they are served.

Thorntons' response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless it is objected to, in which event the reasons for the objection shall be stated. Thorntons is further notified that a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

## INSTRUCTIONS AND DEFINITIONS

1.      You are under a duty to amend any of your responses to these Requests if you obtain information such that you know that your response, though correct when given, is no longer true and the circumstances are such that a failure to amend your response is, in substance, a knowing concealment. These Requests are continuing and if additional information responsive to any of these Requests is acquired or discovered by you after service of your responses, you are

instructed to serve supplemental responses immediately upon acquiring or discovering such information.

2.      As used in these Requests, the term "document" or "documents" means all written or graphic material and all copies of the same containing any additional information, however produced or reproduced, whether in draft or in final, whether original or reproduction, including, but not limited to: papers, books, brochures, pamphlets, letters, correspondence, memorandum, notes, transcripts, sound recordings, manuals, other memorials of telephone conversations, interviews, conferences or of any other communication, minutes, records, reports, summaries, protocols, applications, agreements, contracts, invoices, bills, orders, confirmation slips, ledgers, books of accounts, account statements, checking summaries, journals, vouchers checks, receipts, working papers, time sheets diaries, drawings, graphics, photographs, movies, videotapes, computer tapes or any other computer record or electronic database information, or any other document as that term is defined by Rule 34.

3.      These Requests seek the production of documents and things in the possession, custody or control of Defendant, Defendant's attorneys, investigators, agents, employees, consultants or other representatives.

4.      The term "person" includes all natural persons, proprietorships, partnerships, corporations, government departments and agencies and all other types of organizations or associations whether for profit or not.

5.      The terms "you," "your" or "Thorntons" shall mean Thorntons Transportation, the Defendant in this cause of action, as well as Thorntons' attorneys, investigators, agents, employees, consultants, accountants and other representatives.

2

6.     If any of the documents or things requested herein are not in the possession, custody or control of Thorntons, but are known or believed to be in the possession, custody or control of another person, please identify that person by stating his or her full name, present or last known address, telephone number and present or last known employer.  If any of the documents or things requested herein are not in the possession, custody or control of Thorntons, but are known or believed to be in the possession, custody or control of a business, organization or entity, please identify such business, organization or entity by stating its full name, its principal place address and the nature of the business, organization or entity (e.g., corporation or partnership).

**DEFINITIONS**

1.     "Complaint" means the amended complaint filed on April 5, 2013 by the plaintiff in the Cause.

2.     "DOT" means Department of Transportation.

3.     "Document" means any printed, typewritten, handwritten, electronic, computer data, computer files or otherwise recorded matter of whatever character, including, but not limited to, letters, purchase orders, memoranda, telegrams, notes, contracts, catalogs, agreements, brochures, diaries, analyses, reports, work papers, calendars, inter-office communications, statements, announcements, photographs, mechanical and sound recordings, motion pictures, and any carbon or photographic or photostatic copies of any such materials, if you do not have custody or control of the original. If any document requested to be produced was, but is no longer in, your possession or control or is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others and, if so, to whom; or (d) otherwise disposed of, stating the circumstances surrounding the authorization for such

3

disposition and state the approximate date thereof.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO 1.**    All documents and correspondence which you identified, or were requested to identify, in your responses to Plaintiff's First Set of Interrogatories, which were served contemporaneously herewith.

**RESPONSE:**


**REQUEST NO 2.**    A complete copy of Plaintiff's personnel file, as maintained by Thorntons, of Mr. Huggins, including all such documents from the date of his employment to the date of your response.

**RESPONSE:**


**REQUEST NO 3.**    Thorntons' DOT file on Mr. Huggins, as maintained by Thorntons, including all such documents from the date of his employment to the date of your response.

**RESPONSE:**


**REQUEST NO 4.**    All documents and correspondence (including emails, memos and reports), from 2008 to the present, regarding or relating in any way to Mr. Huggins' employment with Thorntons, including, but not limited to, employment reviews, performance evaluations, communications by or between Thorntons' current or former employees and managers regarding Mr. Huggins' employment, performance and/or test results, awards, promotions, investigations, warnings, attendance, wages, salary and bonus history and benefits.

**RESPONSE:**

4

**REQUEST NO 5.**    All communications, including email, other electronic and written communications, between Mr. Huggins and Thorntons supervision and management in regard to his services as a dispatcher.

**RESPONSE:**


**REQUEST NO 6.**    All communications, including email, other electronic and written communications, between Mr. Huggins and Thorntons supervision and management in regard to his services as a manager of the Indianapolis drivers.

**RESPONSE:**


**REQUEST NO 7.**    All of Thorntons' policies and procedures, in effect from 2008 to the present, regarding or relating in any way to Mr. Huggins' employment with Thorntons, including, but not limited to, such policies and/or procedures, performance management, salary, bonus plan(s), the calculation of bonuses or other incentive-type (non-salary) compensation, or discipline, and termination.

**RESPONSE:**


**REQUEST NO 8.**    All income statements for Thorntons Transportation for 2008 – 2013 that were used to calculate the 1% net profit bonus for drivers.

**RESPONSE:**

**REQUEST NO. 9.**    A map of the lower 48 United States showing each city or town that had a manager/dispatcher over Thorntons drivers for each of the following years 2010, 2011, 2012.

**RESPONSE:**


**REQUEST NO. 10.**  All business records verifying compensation paid Mr. Huggins in the years 2010, 2011 and 2012 as a dispatcher.

**RESPONSE:**


**REQUEST 11.**  All business records verifying compensation paid Mr. Huggins in the years 2010, 2011 and 2012 as the manager of the Indianapolis drivers.

**RESPONSE:**


**REQUEST NO. 12:**  Any Management Information System (MIS) forms submitted from 2008 - 2013 to the Federal Motor Carrier Safety Administration as required under 49 CFR Part 382.403, reporting results of Thorntons' alcohol and controlled substances testing programs performed under this part during the year.

**RESPONSE:**


**REQUEST NO. 13:**  All documents and correspondence (including emails, memos and reports), from 2008 to the present, regarding or relating in any way to reports or incidents of Thorntons employees violating Thorntons' drug and alcohol policy.

**RESPONSE:**

6

Respectfully submitted,

**FOLEY & ABBOTT**

By: _____
Donald F. Foley, 6870-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 2 9 day of July 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

_____
Donald F. Foley

Donald F. Foley
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\discovery\1st rfp to thorntons.doc

7

STATE OF INDIANA           )          IN THE MARION SUPERIOR COURT
                           ) SS:
COUNTY OF MARION           )          CAUSE NO. 49D04-1304-PL-012564


HARVEY HUGGINS,                          )
                                         )
                                         )
                          Plaintiff,     )
           v.                            )
                                         )
THORNTONS  TRANSPORTATION, a Division of )
THORNTONS, INC.,                         )
                                         )
                          Defendant.     )


## THIRD AMENDED COMPLAINT FOR DAMAGES
## AND REQUEST FOR JURY TRIAL

### Count I

### Unjust Enrichment

Comes now Plaintiff, Harvey Huggins ("Mr. Huggins" or "Huggins"), by counsel, and for his first cause of action against Defendant, Thorntons Transportation, a Division of Thorntons, Inc. ("Thorntons") alleges and says as follows:

1.     Plaintiff, Harvey Huggins, is a resident of Marion County, Indiana.

2.     On October 12, 2012 Harvey Huggins was wrongfully terminated after completing nineteen years of continuous service as a truck driver, dispatcher and manager of the Thorntons Indianapolis truck driver for Defendant.

3.     At Thorntons' direction Mr. Huggins provided dispatching services for Indianapolis truck drivers. Thorntons has not paid Huggins for such services.

4.     Huggins managed the Indianapolis drivers during said period of time but was not paid for such services, other than three $25 amounts in the six years prior to the termination of his

employment for safety training and 1% of Thorntons Indianapolis Transportation net profit at the conclusion of each calendar year that amounted to approximately $1,000 per year.

5.      During his tenure at Thorntons, Plaintiff was paid by the load for pick up and delivery of fuel to Thorntons convenience stores and was paid for such services. Huggins also earned a safety bonus for each of his nineteen years of service as a Thorntons truck driver.  Huggins was the first Thorntons truck driver assigned by Defendant to Indianapolis.

6.      Thorntons directed Mr. Huggins to dispatch the Thorntons drivers located in Indianapolis and to manage the Indianapolis Thorntons transportation business, which services were performed by Mr. Huggins.   Huggins was paid no other amount for his services as a Manger/Dispatcher.

7.      At all times herein mentioned Huggins utilized his home as the Thorntons' Indianapolis Dispatch and Manager's office and Plaintiff's garage for storage of flammable diesel additives.  Thorntons made no payments to Mr. Huggins for such uses.

8.      At the direction of Thorntons, Huggins:

    a.   Was on call 24 hours a day seven days a week;

    b.   Managed seven to nine Indianapolis drivers, i.e., scheduling the pick up and delivery of fuel for each of those drivers;

    c.   Collected and reviewed drivers' logs and forwarded the logs to the Louisville home office weekly;

    d.   During the cold weather months provide additives to diesel fuel tanks used by Thorntons drivers;

    e.   In constant communication with Thorntons retail convenience stores regarding fuel levels;

2

f.   Respond to all emergency calls for fuel placed by the thirteen 24-hour Thorntons stores in the Indianapolis area;

g.   Was directed to communicate with the Thorntons Louisville Central Dispatch Office as to all adverse road conditions and issues related to the retail stores;

h.   Was required to complete twice a month payroll for all Indianapolis drivers and fax the payroll to the Louisville home office;

i.   Was responsible for scheduling tractor trailer maintenance;

j.   Was directed each year to complete four driver safety rides for each Indianapolis truck driver and to make reports for each safety ride to Thornton's home office;

k.   Was required to respond to all vehicle emergencies, roll-overs and the like;

m.   Recruited , interviewed, confirmed DOT compliance and hired and disciplined all Indianapolis truck drivers;

n.   Was required to store flammable diesel additive at his residence shipped by Thorntons to Plaintiff's residence.

9.      In addition to truck driving, Plaintiff worked an average of seven hours a day, six days a week as the Indianapolis Dispatcher/Manager.

10.      Other dispatchers employed by Thorntons were compensated at a rate of $17.00 per hour.  Thornton's has failed to pay Huggins for such services.

11.      Huggins spent an average of forty-two hours each week dispatching and managing Thorntons Indianapolis truck drivers.

12.      Thorntons has been unjustly enriched, by reason of Thorntons receiving the benefit of Huggins' services as a Dispatcher/Manager for the Indianapolis Thorntons drivers and for the use of Plaintiff's home and garage as Thorntons' Indianapolis office and for storage of Thorntons

3

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D04-1304-PL-012564 |

| | |
|---|---|
| HARVEY HUGGINS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THORNTONS TRANSPORTATION, a Division of | ) |
| THORNTONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now Plaintiff, Harvey Huggins, by Donald F. Foley, counsel, and respectfully prays that the Court permit the Plaintiff to file a Third Amended Complaint in the above matter and shows the Court:

1.     That Plaintiff has filed his original Complaint on April 5, 2013.

2.     That Defendant filed its Motion for More Definite Statement on May 6, 2013.

3.     That Plaintiff filed his Amended Complaint on July 10, 2013 in response to Defendant's Motion for More Definite Statement.

4.     That on December 14, 2012, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Thornton alleging discrimination of age and disability and retaliation.

5.     That on or about September 1, 2013, Plaintiff received his Notice of Right to Sue Letter from the EEOC regarding his employment discrimination charges against Defendant, thereby exhausting the required administrative remedies before filing a lawsuit against the Defendant.

6.     That Plaintiff has amended his Complaint by incorporating additional causes of action relating to his EEOC charges.

hazardous diesel fuel additives, without paying other than nominal compensation for Huggins' Manager/Dispatcher services and no payment for the use of Huggins' home office or garage storage.

13.     Thorntons, conduct was grossly negligent, intentional and in reckless disregard of the rights of Plaintiff, Harvey Huggins; and Plaintiff is entitled to punitive damages to prevent such conduct in the future.

WHEREFORE, Plaintiff, Harvey Huggins, prays for damages in an amount to reasonably compensate him for his unpaid management and dispatching services that unjustly enriched Defendant Thorntons Transportation for the period of 24 months prior to October 10, 2012, for the value of Thorntons' unpaid use of Plaintiff's home for its Indianapolis office and storage of diesel fuel additives in Plaintiff's garage, for all other damages which are the result of Defendant's implied contract with Plaintiff, for Defendant's acts and omissions resulting in compensatory damages and for punitive damages in an amount sufficient to prevent such conduct in the future, Plaintiff's costs, expenses and reasonable attorney fees associated with this action, for trial by jury, and for all other proper relief in the premises.

## Count II

### Violation of Age Discrimination in Employment Act of 1967 – Age Discrimination

Comes now Plaintiff, Harvey Huggins ("Mr. Huggins" or "Huggins"), by counsel, and for his second cause of action against Defendant, Thorntons Transportation, a Division of Thorntons, Inc. ("Thorntons") alleges and says as follows:

14.     Plaintiff incorporates, by reference, the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

4

15.     Defendant Thorntons Transportation, upon information and belief, is a business corporation organized and incorporated under the laws of the State of Delaware with principal office located in Louisville, Kentucky and at all relevant times has been continuously engaged in an industry affecting commerce.

16.     Defendant Thorntons Transportation is an employer within the meaning of the Age Discrimination in Employment Act, 29 7.S.C.A. § 621, et seq. ("ADEA"), and corresponding Indiana law.

17.     At all relevant times, Plaintiff was employed by Defendant and was an "employee" of Defendant within the meaning of the ADEA.

18.     Plaintiff is over forty (40) years of age.

19.     Plaintiff's age was the determining factor in Defendant's decision to wrongfully terminate Mr. Huggins' employment with Thorntons.

20.     Defendant acted intentionally and in bad faith when it terminated Plaintiff from the position of Transport Driver and other positions based on his age.

21.     Defendant initiated a scheme to terminate Mr. Huggins through false accusations and disregarded established procedures of the Defendant as well as the United States Department of Transportation ("DOT").

22.     On October 11, 2012, Thorntons Director of Dispatch and Safety, Kim Ashley, demanded that Huggins retire or be terminated.

23.     Thorntons falsely accused Mr. Huggins of drinking alcoholic beverages while driving a Thorntons' transport truck.

24.     Thorntons failed to comply with regulations and its allegation of Plaintiff drinking while driving was a pretext for his wrongful termination due to his age.

5

25.     Similarly situated employees under the age of forty (40) or younger than Mr. Huggins were not subjected to such intentional, reckless and wrongful conduct to which Mr. Huggins was subjected.

26.     By its actions, Defendant has knowingly and willfully discriminated against Mr. Huggins based on his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. § 621, et seq.

27.     On or about December 14, 2012, Mr. Huggins filed a charge of age discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

28.     Plaintiff received a Notice of Right to Sue, dated August 30, 2013, and fewer than ninety (90) days have elapsed since Plaintiff received said Notice.  A copy of said Notice is attached hereto as Exhibit A.

Wherefore, Plaintiff, Harvey Huggins, by counsel, prays for a judgment against Defendant, Thorntons Transportation in a compensatory amount sufficient to compensate Plaintiff for his losses and damages, including, but not limited to, back pay, liquidated damages pursuant to 29 § U.S.C. § 626(b), attorney's fees, costs of this action, trial by jury and all other just and proper relief in the premises.

## COUNT III

### Violation of Americans with Disabilities Act of 1990

Comes now Plaintiff, Harvey Huggins ("Mr. Huggins" or "Huggins"), by counsel, and for his third cause of action against Defendant, Thorntons Transportation, a Division of Thorntons, Inc. ("Thorntons") alleges and says as follows:

29.     Plaintiff incorporates, by reference, the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     Defendant is an employer within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., and corresponding Indiana law.

31.     At all relevant times, Plaintiff was employed by Defendant and was a "qualified individual" entitled to protection within the meaning of the ADA.

32.     That the ADA term "discriminate against a qualified individual on the basis of disability" includes denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association. *See 42 U.S.C. § 12112(b)(4).*

33.     Plaintiff's employment was terminated, in substantial part, due to association with an individual with a disability.

34.     While employed with the Defendant, Plaintiff elected health insurance coverage for he and his spouse, Delores Huggins, through the Defendant's company sponsored employee benefit plans.

35.     While Plaintiff was employed with Defendant, Delores Huggins was diagnosed with cancer requiring bladder removal surgery on or about March 10, 2009.

36.     On October 20, 2010, Delores Huggins began treatment for lymph node cancer and she began chemotherapy on November 8, 2010 that lasted until April 25, 2011.

37.     On June 21, 2012, Delores Huggins began lymph node cancer chemotherapy treatments again that continued beyond the date Defendant terminated Plaintiff.

38.     Medical claims were filed with Defendant's health insurance on behalf of Delores Huggins in order for the medical providers to be paid by health insurance.

39.     Upon information and belief, Defendant has incurred increased medical costs as a result of Delores Huggins medical claims.

7

40.     Defendant initiated a scheme to terminate Mr. Huggins through false accusations and disregarding established procedures of the Defendant as well as the United States Department of Transportation.

41.     By its actions, Defendant has knowingly and willfully discriminated against Mr. Huggins based on his association with an individual who is disabled in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 ("ADA") et seq.

42.     As a proximate result of defendant's discrimination against Plaintiff on the basis of disability association, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

43.     As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation by Defendant.

44.     The conduct of defendants was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to an award of punitive damages.

45.     On or about December 14, 2012, Mr. Huggins filed a charge of disability discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

46.     Plaintiff received a Notice of Right to Sue, dated August 30, 2013, and fewer than ninety (90) days have elapsed since Plaintiff received said Notice.  A copy of said Notice is attached hereto as Exhibit A.

Wherefore, Plaintiff, Harvey Huggins, by counsel, prays for a judgment against Defendant, Thorntons Transportation in a compensatory amount sufficient to compensate Plaintiff for his losses and damages, including, but not limited to, back pay, punitive damages pursuant to

8

Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq.,  attorney's fees, costs of this

action, trial by jury and all other just and proper relief in the premises.

Respectfully submitted,

**FOLEY & ABBOTT**

By: _Donald J. Foley /sc_____

Donald F. Foley, 6870-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States
First Class Mail on this 25th day of September 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

Donald J. Foley /sc_____

Donald F. Foley

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900
donf@foleyandabbott.com
g:\5107\pleadings\3rd amended complaint.doc

9

# NOTICE

Marion Superior Court, Civil Division 4
200 E. Washington St. W-442
Indianapolis Indiana 46204

Harvey Huggins vs. Thorntons Transportation                    49D04-1304-PL-012564

To: Marie Diane Castetter

FOLEY & ABBOTT
300 MARROTT CENTER
342 MASACHUSETTS AVENUE
INDIANAPOLIS, IN 46204

**EVENTS**

| Entry Date | File Stamped / Order Signed | Event and Comments |
|---|---|---|
| 09/17/2013 | | Hearing Scheduling Activity<br>Hearing on Motion to Dismiss scheduled for 11/12/2013 at 2:30 PM. |
| 09/17/2013 | | Hearing Scheduling Activity<br>Hearing on Motion to Dismiss scheduled for 11/12/2013 at 2:30 PM<br>was cancelled. Reason: Judicial Action. |
| 09/17/2013 | | Hearing Scheduling Activity<br>Hearing on Motion to Dismiss scheduled for 11/12/2013 at 1:30 PM. |

| OTHER PARTY - NOTICED | OTHER PARTY - ENOTICED |
|---|---|
| Donald F. Foley (Attorney) | Amy Suzanne Wilson (Attorney) |



WHEREFORE, Harvey Huggins, counsel, respectfully prays the Court grant leave to file a Second Amended Complaint and for all other proper relief in the premises.

Respectfully submitted,

**FOLEY & ABBOTT**

By: _Donald F. Foley/mc_

Donald F. Foley, 6870-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 25 day of September 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

_Donald F. Foley/mc_

Donald F. Foley

Donald F. Foley
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900

g:\5107\pleadings\motion to amend complaint 2nd.doc

2

STATE OF INDIANA     )            IN THE MARION SUPERIOR COURT
                      ) SS:
COUNTY OF MARION    )             CAUSE NO. 49D04-1304-PL-012564

HARVEY HUGGINS,            )
                             )
                             )
               Plaintiff,    )
          v.                   )
                             )
THORNTONS TRANSPORTATION, a Division of )
THORNTONS, INC.,         )
                             )
             Defendant.    )

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO STAY DISCOVERY

Comes now Plaintiff, Harvey Huggins, by counsel, and files his Objection to Defendant's Motion to Stay Discovery, and states the following:

1.     Plaintiff Harvey Huggins filed his Complaint on April 5, 2013.

2.     Defendant Thorntons Transportation filed its Motion for Enlargement of Time to file its Answer on May 6, 2013.

3.     On June 6, 2013, Defendant filed for More Definite Statement, which was subsequently granted by the Court.

4.     On July 10, 2013, Plaintiff filed his Amended Complaint.

5.     On July 18, 2013, Defendant moved for additional time to respond to the Complaint.

6.     On August 2, 2013, Thorntons filed their Motion to Dismiss Plaintiff's Amended Complaint.

7.     On August 21, 2013, Plaintiff filed his Response to Defendant's Motion to Dismiss.

8.     On September 17, 2013, the Court scheduled a hearing on Defendant's Motion to Dismiss on November 12, 2013.

9.      On July 24, 2013, Plaintiff served Defendant with his discovery requests including his First Request for Production and First Set of Interrogatories.

10.      On August 19, 2013, Defendant requested via email an additional 30 days to complete discovery.  Plaintiff agreed to an additional 30 days to complete discovery.

11.      Defendant requested a stay of discovery on August 21, 2013.  Plaintiff does not consent to the stay.

12.      On September 17, 2013, Defendant again asked to stay the discovery until the Court ruled upon the motion to dismiss.  Plaintiff indicated his objection.

13.      On September 21, 2013 Defendant filed its Motion to Stay Discovery.

14.      The Plaintiff received his Notice of Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) on or about September 1, 2014.

15.      The undersigned counsel has informed counsel for Defendant that the Plaintiff has received a Notice of Right to Sue on his EEOC charges and, consequently, the Complaint would be amended to include additional counts relating charges presented to the EEOC involving violations of the Age Discrimination in Employment Act (ADEA) and Americans with Disabilities Act (ADA); and said Amended Complaint would be filed in near future.

16.      The Plaintiff's Amended Complaint is filed contemporaneously with his Objection to Stay of Discovery.

17.      A stay of discovery based upon Defendant's filing its Motion to Dismiss causes an unduly burden and lengthy delay for the Plaintiff as the discovery is applicable to the causes of action relating to discrimination.

18.     It would not be unduly burdensome, wasteful, inefficient and futile to proceed with discovery given the requested discovery is applicable to Mr. Huggins Age Discrimination and Disability Discrimination counts of the Amended Complaint.

19.     Rule 1 of the Indiana Rules of Trial Procedure directs that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

20.     Thus discovery should be allowed to proceed rather than delay discovery until the Court's ruling on Defendant's Motion to Dismiss.

WHEREFORE, the Plaintiff, Harvey Huggins, by counsel, and respectfully requests that this Court deny the Defendant's Motion to Stay Discovery and for all other just relief in this matter.

Respectfully submitted,

**FOLEY & ABBOTT**

By: _Donald F. Foley_
Donald F. Foley, 6870-49

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon the following via United States First Class Mail on this 25th day of September 2013:

Amy S. Wilson
FROST BROWN TODD, LLC
201 N. Illinois Street, Ste. 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

_Donald F. Foley_
Donald F. Foley

Donald F. Foley
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204
(317) 261-0900
g:\5107\pleadings\obj to stay discov.doc

3

IN THE MARION SUPERIOR COURT OF INDIANA
ROOM NO. 4

HARVEY HUGGINS         )   Cause No. 49D04-1304-PL-0125664
       Plaintiff,      )
                    )
   v.               )
                    )
THORNTON TRANSPORTATION, a   )
Division of THORNTONS, INC.,   )
                    )
      Defendant.     )

**FILED**

(184)

OCT 1 5 2013

*Elizabeth R. White*
CLERK OF THE MARION CIRCUIT COURT

## DEFENDANT THORNTON TRANSPORTATION, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Defendant Thornton Transportation, Inc., by counsel, for its Motion for Leave to File a Reply in Support of its Motion to Stay Discovery, states:

1.     Plaintiff Harvey Huggins filed his initial Complaint on April 5, 2012.

2.     On June 6, 2013, Defendant filed a Motion for a More Definite Statement which was granted by this Court on June 28, 2013.

3.     On July 10, 2013, Plaintiff filed an Amended Complaint.

4.     On August 2, 2013, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint.

5.     On August 20, 2013, in response to Defendant's Motion to Dismiss, Plaintiff filed a motion seeking leave to file a Second Amended Complaint.

6.     On September 21, 2013, Defendant filed a Motion to Stay Discovery pending resolution of its Motion to Dismiss.

7.     On September 25, 2013, in response to Plaintiff's Motion to Stay Discovery, Plaintiff filed a motion seeking leave to file a Third Amended Complaint.

8.      Plaintiff's Third Amended Complaint asserted, for the first time, additional causes of action based on alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

9.      In opposing Defendant's Motion to Stay Discovery, Plaintiff raised issues in his response that were neither presented in Defendant's motion nor able to be presented, such as the allegations raised in Plaintiff's Third Amended Complaint.  In order for this Court to be fully prepared to rule on Defendant's motion, Defendant should be heard on these new issues.

10.     This Motion is not being submitted to cause undue delay.

11.     Defendant submits its Reply Brief as an attachment to this Motion for Leave.

WHEREFORE, Defendant Thornton Transportation, Inc. respectfully moves this Court to grant it leave to file the attached Reply Brief.

Respectfully submitted,

FROST BROWN TODD LLC

By: _____
        Amy S. Wilson, #24184-49A
        Attorneys for Defendant Thornton
        Transportation, Inc.

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this ___15th___ day of October, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

_____
Amy S. Wilson

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax:    317-237-3900
awilson@fbtlaw.com

INDLibrary1 0104393.0606062  1151046v1

IN THE MARION SUPERIOR COURT OF INDIANA
ROOM NO. 4

| | | |
|---|---|---|
| HARVEY HUGGINS | ) | Cause No. 49D04-1304-PL-0125664 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THORNTON TRANSPORTATION, a | ) | |
| Division of THORNTONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT THORNTON TRANSPORTATION, INC.'S
## REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

**I.      INTRODUCTION AND FACTS**

Since filing his initial Complaint on April 5, 2013, Plaintiff Harvey Huggins has amended or attempted to amend his Complaint three times. In his last attempt, filed September 25, 2013, Plaintiff asserted, for the first time, additional causes of action based on alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

Plaintiff's Response to Defendant's Motion to Stay Discovery rests entirely upon this Third Amended Complaint. Plaintiff argues, in essence, that because the basis for Defendant's Motion to Stay Discovery is Defendant's Motion to Dismiss, and the Motion to Dismiss does not address the new causes of action raised in the Third Amended Complaint, discovery should not be stayed. Far from arguing against a Stay of Discovery, the Third Amended Complaint actually provides further evidence that discovery in this matter should be stayed.

**II.     ARGUMENT**

As stated, in response to Defendant's Motion to Stay Discovery, Plaintiff argues that because the allegations raised in Plaintiff's Third Amended Complaint are not subject to the

Motion to Dismiss, discovery should proceed.  Plaintiff's Response, however, fails to appreciate two key facts.

First, Plaintiff's Motion for Leave to File an Amended Complaint has not yet been granted by this Court.  Therefore, Plaintiff's Third Amended Complaint is not yet part of the record and Defendant need not respond to any discovery requests based on the unofficial Third Amended Complaint.

Second, should this Court grant Plaintiff's Motion for Leave to File an Amended Complaint, Plaintiff's claim immediately becomes removable pursuant to 28 U.S.C. §1441.  If removed, any discovery will be conducted pursuant to the Federal Rules of Civil Procedure.

Plaintiff's Response, then, far from articulating a valid reason why discovery should proceed, instead offers two compelling reasons why it should be stayed pending resolution of the outstanding motions.

## V.    CONCLUSION

For the foregoing reasons, Defendant Thornton Transportation, Inc., by counsel, respectfully requests this Court grants its Motion to Stay Discovery.

Respectfully submitted,

FROST BROWN TODD LLC

By: _____

Amy S. Wilson, #24184-49A
Attorneys for Defendant Thornton
Transportation, Inc.

## CERTIFICATE OF SERVICE

Service of the foregoing was made by placing a copy of the same into the United States

Mail, first class postage prepaid, this _____ day of October, 2013, addressed to:

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

_____
Amy S. Wilson

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax:    317-237-3900
awilson@fbtlaw.com

INDLibrary1 0104393.0606062  1151099v1

3

## IN THE MARION SUPERIOR COURT OF INDIANA
## ROOM NO. 4

| | | |
|---|---|---|
| HARVEY HUGGINS | ) | Cause No. 49D04-1304-PL-0125664 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **FILED** |
| THORNTON TRANSPORTATION, a | ) | |
| Division of THORNTONS, INC., | ) | (107) OCT 2 1 2013 |
| | ) | |
| Defendant. | ) | _Elizabeth J. White_ |
| | | THE MARION CIRCUIT |

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE
### A REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Defendant Thornton Transportation, Inc., by counsel, having filed its Motion for Leave to File a Reply in Support of its Motion to Stay Discovery, and the Court being duly advised in the premises does now hereby approve and grant the Motion.

IT IS THEREFORE ORDERED that the Reply of Thornton Transportation, Inc. in Support of its Motion to Stay Discovery is hereby deemed filed as of the date of this Order.

Dated: **OCT 2 1 2013** _____

_Cynthia J. Ayers_
JUDGE, Marion County Superior Court 4

**Distribution:**

Donald F. Foley
Marie Castetter
FOLEY & ABBOTT
342 Massachusetts Avenue, #300
Indianapolis, IN 46204

Amy S. Wilson
FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

## IN THE MARION SUPERIOR COURT OF INDIANA
## ROOM NO. 4

| | |
|---|---|
| HARVEY HUGGINS, | Cause No. 49D04-1304-PL-012564 |
| Plaintiff, | |
| v. | **FILED** |
| | NOV 1 8 2013 |
| THORNTON'S TRANSPORTATION, a Division of THORNTON'S, INC., | |
| Defendant. | MARION CIRC |

## ORDER

This matter having come before the Court upon Plaintiff's Motion for Leave to File Third Amended Complaint and Defendant's Motion to Dismiss; and

WHEREAS on November 12, 2013, Defendant was heard by Amy Wilson and Plaintiff was heard by Marie Castetter. Defendant stated they had no objection to Plaintiff's Motion For Leave To File Third Amended Complaint. Defendant further stated that the Motion To Dismiss filed on August 1, 2013, would be withdrawn if Plaintiff's Motion For Leave To File Third Amended Complaint was granted; and the Court, having considered same and being duly advised in the premises;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion For Leave To File Third Amended Complaint is GRANTED, and the Third Amended Complaint is DEEMED FILED as of the date of this Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss filed on August 1, 2013, is, accordingly, withdrawn.

Dated: 11/18/13

**Distribution to:**

*Distribution List Attached.*

RECOMMENDED FOR APPROVAL

JUDGE, Marion Superior Court 4
APPROVED AND SO ORDERED

JUDGE, MARION SUPERIOR COU

NOV 1 9 RECD